UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR STEVENSON,<br><br>           Petitioner,<br><br>   v.<br><br>FINDENCIO N. GUZMAN, Warden,<br><br>           Respondent. | Case No. 2:24-cv-7533-CBM-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On September 3, 2024, Petitioner Lamar Stevenson, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is subject to dismissal as partially unexhausted.

**I.    Procedural History and Petitioner's Contentions**

In June 2020, a Los Angeles County Superior Court jury convicted Petitioner of first-degree murder and being a felon in possession of a firearm

and found that he personally used a firearm. [*See* Dkt. No. 1 at 2]; *People v. Stevenson*, No. B321803, 2023 WL 8706305, at *2 (Cal. Ct. App. Dec. 18, 2023). He was sentenced to 25 years to life, plus 10 years for the firearm enhancement. *See id.*

Petitioner appealed, alleging four claims: (1) the trial court erred in admitting his accomplice's out-or-court statements; (2) the accomplice's statements were not sufficiently corroborated to support the jury's verdict; (3) the prosecutor committed misconduct during his closing argument; and (4) the trial court erred in imposing the 10-year sentence on the firearm enhancement. [*See* Dkt. No. 1 at 2]; *Stevenson*, 2023 WL 8706305, at *1, *3-7. On December 18, 2023, the California Court of Appeal affirmed the judgment, *see Stevenson*, 2023 WL 8706305, at *7, and on March 20, 2024, the California Supreme Court denied review. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. S283480 in supreme court) (last visited on Oct. 29, 2024). Petitioner has not filed any habeas petitions in either the California Court of Appeal or the California Supreme Court. *See id.* (search for "Lamar" and "Stevenson").

On September 3, 2024, Petitioner filed the instant Petition. Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following four grounds for relief:

1. The prosecutor committed misconduct during his closing argument by vouching for the credibility of several out-of-court statements made by Petitioner's accomplice.

2. The evidence was insufficient to prove that Petitioner committed the charged murder because the only evidence against him was his accomplice's uncorroborated out-of-court statements.

3. The trial court violated due process and deprived Petitioner of his right to a fair trial by admitting his accomplice's out-of-court statements because the accomplice refused to testify.

4. Trial counsel provided ineffective assistance by failing to argue that Petitioner's intended acts did not constitute a crime, by neglecting to explain to the jury that Petitioner's accomplice could not have been prosecuted as an aider and abettor under California's felony-murder rule (as modified by Senate Bill No. 1437), by failing to move to suppress the out-of-court statements of Petitioner's accomplice, by failing to move to exclude prejudicial gang-related evidence, by failing to "interview any witnesses for the defense," and by failing to present a toxicology expert to explain how mixing alcohol and drugs might affect a witness's perception.

[Dkt. No. 1 at 6-24.]

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). As explained below, a review of the Petition suggests that it is subject to dismissal as partially unexhausted.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available

3

state judicial remedies on every ground presented in it. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, it appears that all of the ineffective-assistance claims in Ground Four of the Petition are unexhausted. Petitioner did not assert an ineffective-assistance claim on direct appeal, *see Stevenson*, 2023 WL 8706305, at *1, *3-7, and he has not filed any state-court habeas petitions. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Lamar" and "Stevenson") (last visited Oct. 28, 2024).

The Petition must therefore be dismissed unless Petitioner takes steps to cure the problem. *See Rose*, 455 U.S. at 522.

**III. Conclusion**

For the foregoing reasons, the Court **ORDERS** Petitioner, **by no later than January 3, 2025**, to either (a) show that he has exhausted his state-court remedies as to the Petition's Ground Four[1] or (b) concede that Ground Four is unexhausted and select one of the following options:

(1) File a motion to stay and abey his Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings. To obtain a stay under *Rhines* of his federal petition while he exhausts his state remedies, a petitioner must comply with the following requirements: (a) he must show good cause for his failure to earlier exhaust the claim in state court; (b) the unexhausted claim must not be "plainly meritless"; and (c) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78;

(2) File a motion to stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (as amended), *overruling on other grounds recognized by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). To obtain a stay under *Kelly*, the

---

[1] If Petitioner maintains that Ground Four is exhausted, he must attach copies of any state-court habeas petitions he has filed that include Ground Four as well as any and all resulting state-court decisions.

4

petitioner must (a) voluntarily dismiss his unexhausted ineffective-assistance claims in Ground Four; (b) ask this court to stay the then fully exhausted Petition; and (c) return to state court to attempt to exhaust the unexhausted claim while the federal Petition is held in abeyance – with the understanding that he will be allowed to amend any newly exhausted claim back into the Petition only if it is timely under AEDPA or "relates back" to the original exhausted claims, *see Mayle v. Felix*, 545 U.S. 644, 664 (2005);

(3) File an amended petition that contains only the Petition's exhausted claims (Grounds One through Three). The Court hereby notifies Petitioner that if he chooses this option – to dismiss the unexhausted claim without seeking a stay and proceed only with his exhausted claims – then his unexhausted ineffective-assistance claims may later be time-barred under 28 U.S.C. § 2244(d)(1), and any subsequent § 2254 petition containing the claims may be barred as an unauthorized second or successive petition; or

(4) File a request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1).

**If Petitioner does not respond to this Order by January 3, 2025, the Court will recommend that that the Petition be dismissed without prejudice as partially unexhausted.**

**IT IS SO ORDERED**.

DATED: November 21, 2024

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

5